Brent Dorian Brehm – SBN 248983
  Email: bbrehm@kantorlaw.net
Glenn R. Kantor – SBN 122643
  Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
DAVID DUCOM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUCOM,<br><br>           Plaintiff,<br><br>vs.<br><br>AEQUOR TECHNOLOGIES LLC,<br><br>           Defendant. | CASE NO:  2:22-cv-4393<br><br>**COMPLAINT:**<br><br>**(1) ERISA BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS**<br><br>**(2) FAILURE TO PROVIDE PLAN DOCUMENTS UNDER ERISA; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS** |

Plaintiff, David DuCom, herein sets forth the allegations of his Complaint against Defendant Aequor Technologies LLC.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for breach of fiduciary duty and failure to provide plan documents related to an employee benefit plan

1

COMPLAINT

regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining equitable relief, including equitable surcharge, under 29 U.S.C. § 1132(a). Plaintiff also seeks damages for the failure to provide Plan documents. Plaintiff also seeks pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

2. Plaintiff, David DuCom, during all relevant periods, was working in the County of Los Angeles, State of California. Plaintiff was a beneficiary of the life insurance benefits at issue herein. Plaintiff's wife, Kathleen DuCom, was the insured.

3. Plaintiff is informed and believes that Defendant Aequor Technologies LLC ("Aequor") is an organization located in and with its principal place of business in New Jersey and is the sponsor of an employee welfare benefit plan ("Plan"). The Plan purchased group life insurance coverage from Metropolitan Life Insurance Company of America ("MeLife"). The policy issued by MetLife to the Plan bears the group number TS 05949943-G. This is the Plan under which Plaintiff was a participant, Kathleen DuCom was an insured, and pursuant to which Plaintiff is and was entitled to life insurance benefits covering Ms. DuCom's life. It is regulated by ERISA. Aequor, as the Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries. Aequor is doing business in this judicial district and can be found in the Central District of California.

4. The Plan does not contain a valid grant of discretionary authority to MetLife or Aequor.

5. Aequor owes ERISA fiduciary duties to David DuCom and Kathleen DuCom under ERISA, including, but not limited to, with regard to the Plan.

6. Aequor can be found in this judicial district and the Plan was administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2)

7. Plaintiff worked for Aequor and thus was eligible to receive life insurance coverage under the Plan. The Plan also allowed Plaintiff to elect spouse life insurance to cover his wife, Kathleen DuCom. Plaintiff elected and at all times relevant paid for spouse life insurance to cover Ms. DuCom.

8. Plaintiff started working for Aequor in October 2020. When he started working for Aequor, he was allowed to sign up for benefits through his employee portal. Plaintiff did this. One of the items Plaintiff signed up for was life insurance for himself and supplemental spouse life insurance covering is wife, Kathleen.

9. Plaintiff chose to sign up for the maximum amount of life insurance allowed at that time for himself and his wife. This was $500,000 for himself and $155,000 for his wife, Kathleen.

10. The employee portal where Plaintiff made the life insurance elections did not state how much the premiums were for the life insurance elected.

11. Plaintiff began paying premiums for his life insurance and the supplemental spouse life insurance through payroll deductions. The payroll deductions did not state how much life insurance the deductions covered.

12. In December 2020, Plaintiff called Aequor. He asked Aequor why his employee portal stated that his and his wife's life insurance stated, "Pending Approval." Aequor informed Plaintiff that it sometimes takes time to process the coverage under the Plan. Plaintiff asked Aequor if he and his wife were covered for the amounts shown on his employee portal - $500,000 and $155,000 respectively. Aequor assured Plaintiff the coverage under the Plan was in force for the $500,000 and $155,000 amounts Plaintiff had selected.

13. In the second week of January 2021, Plaintiff again called Aequor to inquire why his employee portal continued to state the life insurance for himself

and his wife was "Pending Approval." Plaintiff did not receive a response from Aequor regarding this inquiry.

14. Because Plaintiff did not receive a response, he contacted Aequor again to inquire about why his employee portal still stated the life insurance for himself and his wife was "Pending Approval." Aequor again informed Plaintiff that the $500,000 and $155,000 in coverage he had elected was in force and that, by law, he would receive the life insurance amount he had elected.

15. On January 14, 2021, after these conversations took place, Kathleen DuCom passed away suddenly related to pulmonary embolisms.

16. On January 21, 2021, Plaintiff called Aequor. Plaintiff asked what he needed to do at that point to make a death benefit claim under the Plan regarding Kathleen's death. Aequor stated that Plaintiff needed to complete MetLife's death benefit paperwork.

17. During the January 21, 2021 call, and without prompting by Plaintiff, Aequor asked Plaintiff if he had ever filled out Statement of Health (SOH) paperwork. Plaintiff did not know what SOH paperwork was, so he asked about it. Aequor stated the SOH paperwork had been sent to Plaintiff via email in October 2020. Plaintiff truthfully responded that he had not received the SOH paperwork via email for himself or Kathleen. Plaintiff asked Aequor if the need to complete and submit the SOH paperwork was the reason why it stated "Pending Approval" on his employee portal regarding the life insurance under the Plan. Aequor did not answer this question. Without an answer, Plaintiff asked Aequor if his wife was covered for the $155,000 in life insurance benefits that was listed on his employee portal. Aequor affirmed the $155,000 in coverage was in force.

18. Plaintiff submitted a claim to MetLife for $155,000 in life insurance benefits covering the life of Kathleen.

19. MetLife determined that, under the terms of the Plan, for Kathleen to be covered for more than $50,000 of guaranteed life insurance benefits, there was a

requirement to submit evidence of insurability—aka SOH paperwork. Because no SOH paperwork was submitted, MetLife asserted that the life insurance covering Kathleen's life was limited to the $50,000 of guaranteed life insurance benefits. MetLife approved Plaintiff's claim for $50,000 of life insurance benefits covering Kathleen, and denied the remaining coverage Plaintiff had elected ($105,000). Based on information and belief, Plaintiff has no remedy under the terms of the Plan to recover the remaining $105,000.

20. At no point prior to her death was Kathleen or Plaintiff informed Kathleen was not covered under the Plan for life insurance amounts greater than $50,000. Rather, on two different occasions, Aequor informed Plaintiff that Kathleen's $155,000 in life insurance benefits under the Plan was in force.

### FIRST CLAIM FOR RELIEF
### FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF
### UNDER ERISA 29 U.S.C. § 1132(a)
### AGAINST DEFENDANT AEQUOR TECHNOLOGIES LLC

21. Plaintiff incorporates by reference paragraphs 1-20 as though set fully set forth herein.

22. Aequor is the Plan Administrator for the Plan.

23. As Plan Administrator for the Plan, Aequor owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

24. Aequor breached its fiduciary duties under ERISA in the following respects:

    (a) Providing incorrect information to Plaintiff regarding the amount of life insurance benefits covering the life of Kathleen DuCom under the Plan;

    (b) Misleading Kathleen DuCom and Plaintiff such that they

believed life insurance benefits under the Plan were in effect for the elected amounts when they were not;

(c) Failing to provide Kathleen or Plaintiff with SOH paperwork when Aequor knew SOH paperwork had not been submitted by Plaintiff for Kathleen's coverage under the Plan and there was time to submit SOH paperwork as required by the Plan;

(d) Failing to inform Kathleen or Plaintiff that SOH was required and failing to inform Plaintiff of the need to complete SOH paperwork for Kathleen's coverage under the Plan to no longer be in "Pending Approval" status.

25. At all times relevant, Aequor was an ERISA Fiduciary and owed Plaintiff all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a). Aequor breached said duties by, among other things, failing to discharge its duties solely in the interest of, and for the exclusive purpose of, providing benefits to participants and their beneficiaries, including Plaintiff herein. Further, Aequor breached said duties by failing to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

26. As a proximate result of the breach of fiduciary duty by Aequor, Plaintiff has damages for loss of life insurance benefits in a total sum to be shown at the time of trial.

27. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a), including, but not limited to, equitable surcharge.

28. As a further direct and proximate result of this breach of fiduciary duty, Plaintiff, in pursuing this action, has been required to incur attorneys' costs

and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Aequor.

29. The wrongful conduct of Aequor has created uncertainty where none should exist, therefore, Plaintiff is entitled to equitable remedies to remove that uncertainty.

## SECOND CAUSE OF ACTION AGAINST
## AEQUOR TECHNOLOGIES LLC
## FOR FAILURE TO PROVIDE REQUESTED PLAN DOCUMENTS

30. Plaintiff incorporates by reference paragraphs 1-3 as though fully set forth herein.

31. At all times relevant, Plaintiff was employed by Aequor. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of an employee welfare benefit plan provided by Aequor and regulated by ERISA. Under the employee benefit plan, Aequor provided certain employee insurance benefits to all eligible employees, which included Plaintiff. As a participant under the employee benefit plan, Plaintiff had a right to request certain plan documents from the Plan Administrator, Defendant Aequor herein.

32. On September 2, 2021, Plaintiff made a written request to Aequor to provide a copy of all employee benefit plan documents to Plaintiff.

33. Under ERISA, Aequor was required to provide the requested documentation to Plaintiff within 30 days after the date of the request. The thirty days has expired and Aequor has not submitted the requested documentation to the Plaintiff.

34. As a proximate result of the aforementioned wrongful conduct of Aequor in failing to provide the requested documentation, Plaintiff is entitled to daily statutory damages for every day that the documents were and have not been provided as well as prejudgement and postjudgment interest on any such damages, in a total sum to be shown at the time of trial

35. As a further direct and proximate result of this improper handling of Plaintiff's requests, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## REQUEST FOR RELIEF

WHEREFORE, under the First Claim for Relief, Plaintiff prays for relief against Aequor, as follows:

1. Payment of the denied life insurance benefits elected by Plaintiff plus applicable interest, or such other amount as is shown at time of trial, or the equitable equivalent by way of a finding of surcharge in the amount equal to the unpaid life insurance benefits under the Plan;

2. Reformation of the Plan such that benefits are paid without reference to any provision that may have disqualified the payment of benefits that Aequor were aware of, but disregarded, when premiums were paid and accepted under the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

WHEREFORE, under the Second Claim for Relief, Plaintiff prays for relief against Aequor as follows:

1. Production of the requested documentation to Plaintiff and payment of the daily statutory penalty for each day beyond the 30 days by which Aequor should have provided the documents to Plaintiff.

2. Pursuant to 29 U.S.C. section 1132(g) for all costs and attorney incurred in pursuing this action;

3. For prejudgement and postjudgment interest as allowed for under ERISA; and

4. For such other and further relief as this Court deems just and proper.

DATED: June 27, 2022                    KANTOR & KANTOR, LLP

By: */s/ Brent Dorian Brehm*
Brent Dorian Brehm
Attorneys for Plaintiff
David DuCom

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525